### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES A. ENGST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-564-F |
| ) | |
| ACE TRANSFER & STORAGE CO., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is Defendant's Motion for Summary Judgment, filed October 1, 2007 (doc. no. 14). Plaintiff has responded, and defendant has replied. The motion is ready for determination.

Background

In the Complaint filed May 15, 2007 (doc. no. 1), plaintiff, James A. Engst, alleges defendant, Ace Transfer & Storage Co., engaged in discriminatory conduct in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621, *et seq.* Specifically, plaintiff alleges that defendant failed to consider or hire him for the position of "DSL Mechanic" because of his age. At that time, plaintiff was sixty-six years old. Defendant moves for summary judgment in its favor as to plaintiff's ADEA claim.

Standard of Review

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there

is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Discussion

A plaintiff seeking to prove age discrimination may do so by presenting direct evidence of discriminatory motivation, such as oral or written statements by a supervisor reflecting age bias. *See*, Jones v. Unisys Corp., 54 F.3d 624, 630 (10th Cir. 1995), *see also*, Kendrick v. Penske Transp. Services, Inc., 220 F.3d 1220, 1225 (10th Cir. 2000). Alternatively, a plaintiff may prove age discrimination with indirect or circumstantial evidence. Jones, 54 F.3d at 630. When indirect or circumstantial evidence is relied upon to prove an age discrimination claim, the court applies the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). *Id*.

> *McDonnell Douglas* first requires the aggrieved employee to establish a prima facie case of prohibited employment action. The burden of establishing a prima facie case . . . by a preponderance of the evidence is not onerous. Furthermore, [t]his burden is one of production, not persuasion; it can involve no credibility assessment. If the employee makes a prima facie showing, the burden shifts to the defendant employer to state a legitimate, nondiscriminatory reason for its adverse employment action. If the employer meets this burden, then summary

>judgment is warranted unless the employee can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual.

Plotke v. White, 405 F.3d 1092, 1099 (10th Cir. 2005) (quotations and citations omitted).

Although defendant argues in its motion that plaintiff cannot establish direct evidence of discrimination, plaintiff, in response, does not rely upon direct evidence to establish his claim. Rather, he relies upon indirect or circumstantial evidence. Thus, the court will apply the McDonnell Douglas framework to plaintiff's claim.

Prima Facie Case

The elements required for a plaintiff to establish a prima facie case in the failure to hire context are: "(i) plaintiff belongs to a protected class: (ii) plaintiff 'applied and was qualified for a job for which the employer was seeking applicants'; (iii) despite being qualified, the plaintiff was rejected; and (4) after plaintiff's rejection, 'the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications.'" Kendrick, 220 F.3d at 1226 (quoting McDonnell Douglas, 411 U.S. at 802). In its motion, defendant does not challenge plaintiff's ability to show that he belongs to a protected class or that he was qualified for the position of DSL Mechanic. Defendant instead argues that plaintiff cannot show that he "applied" for the position, that he was "rejected" and defendant still sought applicants of plaintiff's qualifications, after plaintiff was "rejected."

With regard to the "applied" element, defendant argues that the undisputed facts establish that plaintiff did not formally apply for the DSL Mechanic position. According to defendant, the undisputed evidence reveals that plaintiff only inquired about the position by telephone on one occasion. Defendant asserts that plaintiff never completed a job application for defendant and never personally went to

-3-

defendant's facility to request an application. Because plaintiff never formally applied for the position, defendants contend that plaintiff cannot satisfy the "applied" element.

The court, however, concludes that to establish the "applied" element, plaintiff need not show that he formally applied with defendant. In Whalen v. Unit Rig, Inc., 974 F.2d 1248 (10th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993), the Tenth Circuit specifically stated:

> Employment discrimination law does not require that a plaintiff formally apply for the job in question. Rather, the law requires either that the employer be on specific notice that the plaintiff seeks employment or, where informal hiring procedures are used, that the plaintiff be in the group of people who might reasonably be interested in the particular job.

*Id*. at 1251.  Plaintiff has presented sufficient evidence to raise a genuine issue of material fact as to whether defendant was on specific notice that plaintiff sought the DSL Mechanic position.  The evidence presented shows that the newspaper advertisement for the DSL Mechanic position listed only a telephone number for interested parties to call.  Plaintiff called the telephone number inquiring about the position.  Plaintiff had a telephone conversation with the hiring official for defendant, Joseph Herrera, wherein Mr. Herrera questioned plaintiff in regard to his ownership of tools, his experience with engines and trucks, his possession of any certifications and his age.  The court concludes that a reasonable jury could conclude from the evidence presented that defendant was on specific notice from the telephone call that plaintiff sought the DSL Mechanic position.

The court also notes that, aside from the evidence discussed above, the record shows that the individual actually hired by defendant for the DSL Mechanic position (who was twenty-two years old) did not complete a job application until months after he was hired.  Plaintiff has also submitted a declaration stating that he was not told during his telephone interview that he would have to complete an application or

submit a resume before he could be considered for the position. Moreover, the newspaper advertisement for the position did not advise of any requirement as to the submission of a resume or the appearance in person to complete an application.

Next, as to the "rejected" element, defendant argues that the undisputed facts establish that plaintiff was not rejected for the DSL Mechanic position. Defendant concedes that plaintiff was not called back for the position on the date alleged by plaintiff. However, defendant contends that the evidence shows that Mr. Herrera lost the note on which he had written plaintiff's telephone number. Mr. Herrera testified that if he had not lost the telephone number and plaintiff had made subsequent contact with him, he would have taken plaintiff's application and interviewed him for the position. Defendant argues that, aside from leaving a message, plaintiff made no other meaningful attempts to inquire further about the position. Defendant additionally argues that when plaintiff saw defendant's advertisement for the position approximately one week later, he made no attempt to contact defendant or complete an application. Furthermore, defendant asserts that plaintiff clearly abandoned any pursuit of the position by filing a discrimination charge with the Oklahoma Human Rights Commission the day after he did not receive a call back from defendant.

The court concludes, however, that plaintiff has proffered adequate evidence to raise a genuine issue of material fact as to whether he was "rejected" for the position. As stated, defendant has conceded that Mr. Herrera did not call plaintiff back. Although Mr. Herrera has testified that he lost plaintiff's phone number, plaintiff has also testified that he saw his name and telephone number tacked on the board in Mr. Herrera's office. Plaintiff has also shown that defendant hired another individual in the advertised position. Plaintiff's affidavit to the Oklahoma Human Rights Commission also shows that plaintiff left a message with defendant after seeing the advertisement in the newspaper approximately one week after his initial

call. Based upon this evidence, the court concludes that a reasonable jury could conclude that plaintiff was rejected for the position.

Furthermore, based upon the evidence discussed above, the court concludes that plaintiff has raised a genuine issue of material fact as to the final element of the prima facie case, that is, after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons having qualifications similar to plaintiff's.

Articulation of a Non-discriminatory Reason for Termination

In its motion, defendant asserts that plaintiff was not hired for the DSL Mechanic position because Mr. Herrera lost the note containing plaintiff's telephone number and plaintiff made no effort to fill out a job application or provide defendant with evidence of his qualifications or otherwise express any serious interest in the position. The court finds, and plaintiff does not dispute, that defendant has articulated a legitimate, non-discriminatory reason for not hiring plaintiff for the DSL Mechanic position.

Pretext

All that is necessary for plaintiff to avoid summary judgment is evidence or inferences which are sufficient to create genuine issues of material fact with regard to the elements of plaintiff's prima facie case and the issue of pretext. *See*, Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995) (plaintiff can withstand summary judgment if plaintiff succeeds in showing a prima facie case and presents evidence that the defendant's proffered reason for the employment decision was pretextual).

To establish pretext, a plaintiff must show either that "a discriminatory reason more likely motivated the employer or . . . . that the employer's proffered explanation is unworthy of credence." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147-

148 (2000). A plaintiff may accomplish this by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997) (quotation and citation omitted).

The court concludes that plaintiff has proffered sufficient evidence for a reasonable jury to conclude that defendant's articulated reasons for not hiring plaintiff are unworthy of credence. Plaintiff has stated in his declaration that he saw his telephone number, which was purportedly lost, tacked to the board of Mr. Herrera's office.[1] He has also presented evidence that he left a message with defendant after seeing the advertisement in the newspaper approximately a week later, to which no response was made. In addition, the newspaper advertisement did not require the submission of a resume or completion of a job application by interested persons. Plaintiff was not informed of any such requirement in the telephone conversation with Mr. Herrera. The twenty-two year old individual who was hired by defendant did not complete any job application until months after his employment began. With this evidence, combined with the evidence raising genuine issues of material fact as to the challenged elements of plaintiff's prima facie case, the court concludes that plaintiff's ADEA claim withstands defendant's motion for summary judgment and the case must proceed to trial. (This is a far cry from a conclusion, however, that a jury would be

---

[1] Although defendant challenges plaintiff's statement in the declaration as self-serving, it is clear that the challenged statement is based upon plaintiff's personal knowledge and sets forth a specific fact which would be admissible at trial. While the statement may be inherently self-serving, defendant is essentially asking the court to act as a factfinder in adjudicating defendant's motion. However, credibility determinations are not to be made on summary judgment review. Plotke, 405 F.3d at 1103; Hirase-Doi v. U.S. West Communications, 61 F.3d 777, 785 n. 4 (10th Cir. 1995). The jury will have the opportunity to decide which version of the facts (plaintiff's or Mr. Herrera's) is more credible.

unpersuaded by the matters raised by the defendant.  The standard the court must apply on a motion for summary judgment is stringent – the court assumes some matters favorably to the plaintiff that may be seen in a different light by a jury.)

Alleged Creation of Sham Issues of Fact

In its motion, defendant asserts that plaintiff's deposition testimony in this proceeding in regard to the timing of the events which transpired and certain other factual matters contradict plaintiff's charge of discrimination and affidavit filed with the Oklahoma Human Rights Commission.  Defendant urges the court to disregard the deposition testimony on the grounds that it is merely an attempt to create sham issues of fact.  For purposes of ruling on summary judgment, the court need not determine whether plaintiff's deposition testimony is an attempt to create sham issues of fact.  Even disregarding the deposition testimony, the evidence in the record raises genuine issues of material fact as to the challenged elements of plaintiff's prima facie case and the issue of pretext, making summary judgment inappropriate.

Conclusion

Based upon the foregoing, the court determines that defendant is not entitled to summary judgment on plaintiff's ADEA claims.

Accordingly, Defendant's Motion for Summary Judgment, filed October 1, 2007 (doc. no. 14), is **DENIED**.

Dated this 20th day of November, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0564p003(pub).wpd